FILED

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50181 |
| Plaintiff-Appellee, | |
| v. | D.C. No. CR 13-00044-VAP-1 |
| CURTIS HAYS, II, | MEMORANDUM[*] |
| Defendants-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted December 8, 2016
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and KORMAN,[**] District Judge.

Curtis Hays ("Hays") appeals his jury convictions of one count of

conspiracy in violation of 18 U.S.C. § 371, six counts of theft of firearms in

interstate and foreign commerce in violation of 18 U.S.C. § 924(l), six counts of

receipt and possession of stolen firearms in violation of 18 U.S.C. § 922(j) and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

§ 924(a)(2), and two counts of theft, receipt, and possession of interstate and foreign shipments in violation of 18 U.S.C. § 659. On appeal, Hays argues that there was insufficient evidence to support the verdicts in this case. He also contends that the district court erred in admitting evidence of two uncharged thefts and out-of-court co-conspirator statements. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Sufficiency of Evidence

We review de novo a claim challenging the sufficiency of the evidence supporting a verdict. *See United States v. Webster*, 623 F.3d 901, 907 (9th Cir. 2010). In assessing whether the verdicts were supported by sufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Circumstantial evidence may be sufficient to sustain a conviction, provided that the inferences drawn from it are supported by a chain of logic. *See United States v. Toro-Barboza*, 673 F.3d 1136, 1144 (9th Cir. 2012). Here, overwhelming circumstantial evidence provided a forceful chain of logic that would permit a reasonable trier of fact to find the elements of the crime beyond a reasonable doubt on all counts. Hays was one of

only three United Parcel Service drivers who worked at the facility on every day the packages were stolen. In each of the thefts, Hays was either the primary driver for the destination of the stolen goods, or an overflow driver. Evidence from the stolen packages was found in alleged co-conspirator's White's home, car, and self-storage facility. Telephone records demonstrated that Hays and White spoke by telephone on each date a theft occurred, and cellular tower data showed that they came within close proximity of one another on each of these dates. Text messages between two alleged co-conspirators used Hays's first name when referring to the source of the stolen goods, and testimony at trial further identified the source as a United Parcel Service employee. Viewing this evidence in the light most favorable to the government, we find that a rational jury could have found Hays guilty, beyond a reasonable doubt, on all counts.

Hays's argument that the buyer-seller rule precludes a conviction for conspiracy is unavailing. Under the buyer-seller rule, mere sales to other individuals do not establish a conspiracy to distribute or possess with intent to distribute; rather, "conspiracy requires proof of an agreement to commit a crime other than the crime that consists of the sale itself." *United States v. Lapier*, 796 F.3d 1090, 1095 (9th Cir. 2015) (quoting *United States v. Moe*, 781 F.3d 1120, 1123 (9th Cir. 2015)). While we have applied the buyer-seller rule in cases where

the defendant is charged with conspiracy to distribute a controlled substance, the rule has no application here because the single conspiracy charged in the indictment was not a conspiracy to distribute the firearms and other goods. *See United States v. Rodman*, 776 F.3d 638, 644 (9th Cir. 2015). Moreover, we have held that "[d]istinguishing between a conspiracy and a buyer-seller relationship requires a fact-intensive and context-dependent inquiry[,]" and Hays failed to raise the buyer-seller rule argument before the district court. *Moe*, 781 F.3d at 1125. Here, as in *Moe*, the jury instructions on the conspiracy that was charged properly explained the elements of conspiracy. *See id.* at 1128-29 (finding no error where the district court declined to give a buyer-seller instruction to the jury, where the instructions properly explained to the jury that a conspiracy involves a criminal partnership and a plan to commit overt acts).

## II. Evidentiary Rulings

Evidentiary rulings are reviewed for an abuse of discretion. *United States v. McFall*, 558 F.3d 951, 960 (9th Cir. 2009). Hays first argues that Federal Rule of Evidence 404(b) prohibited the admission of evidence of two uncharged thefts. However, this evidence was not subject to Rule 404(b), as both thefts occurred within the temporal scope of the conspiracy and comprised the conspiracy. *See United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004).

4

Finally, Hays challenges the admission of out-of-court statements by his alleged co-conspirators. The district court was well within its discretion in determining that the government had made a sufficient proffer as to the existence of a conspiracy. *See Bourjaily v. United State*s, 483 U.S. 171, 176 (1987). The statements were made during the course and in furtherance of the conspiracy, and accordingly, fell within the hearsay exception of Federal Rule of Evidence 801(d)(2)(E). Thus, the court did not abuse its discretion in admitting these statements.

**AFFIRMED.**